FILED

2023 Feb-03  AM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **Broadcast Music, Inc. et al,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | |
| **Moe's BBQ Cullman LLC et al,** | } | **Case No.:  5:22-cv-00789-MHH** |
| | } | |
| **Defendants.** | } | |
| | } | |
| | } | |
| | } | |

## <u>MEMORANDUM OPINION</u>

Plaintiffs have moved for a default judgment against Moe's BBQ Cullman

LLC.  (Doc. 26).  Plaintiffs seek damages from Moe's BBQ for its alleged copyright

infringement.  (Doc. 1, pp. 5–12).  Moe's BBQ has not appeared in this action.

On November 16, 2022, plaintiffs moved for an entry of default against Moe's

BBQ.  (Doc. 19).  On November 17, 2022, the Clerk of Court found Moe's BBQ in

default and advised plaintiffs of their opportunity to seek a judgment for damages

from Moe's BBQ.  (Doc. 20).  Plaintiffs have moved for a default judgment and have

filed evidence to support their motion.  (Docs. 25 and 26).  The Court held a hearing

on the motion for default judgment.  (Jan. 30, 2023, minute entry).  For the reasons

discussed below, the Court will grant the plaintiffs' motion and enter judgment

against Moe's BBQ Cullman.

**FACTUAL ALLEGATIONS**

Plaintiff Broadcast Music, Inc. is a corporation holding "the right to license the public performance rights in 18.7 million copyrighted musical compositions," including the musical compositions alleged to have been infringed here. (Doc. 1, p. 2). The plaintiffs who filed this lawsuit with BMI own the copyrights in the musical compositions alleged to have been infringed. (Doc. 1, p. 2). Moe's BBQ is an establishment located in Cullman, Alabama. (Doc. 1, p. 4). Plaintiffs allege that since August 2018, they have tried to contact Moe's BBQ and its representatives to inform them of their obligations under the Copyright Act and have served cease and desist letters on Moe's BBQ, demanding that the company halt its unauthorized use of plaintiffs' licensed music in the Moe's BBQ's establishment. (Doc. 1, p. 5). Plaintiffs assert claims for nine alleged copyright violations. (Doc. 1, p. 5).

**DISCUSSION**

**Copyright Infringement**

Plaintiffs assert claims against Moe's BBQ under the Copyright Act codified at 17 U.S.C. §§ 101 et seq. (Doc. 1).[1] To establish liability for copyright infringement under the Copyright Act, "a plaintiff must show (1) that he owns a valid copyright and (2) that the defendant copied constituent elements of the

---

[1] During the January 30, 2023, hearing, the Court explained that it has subject matter jurisdiction over this claim and personal jurisdiction over Moe's BBQ. (Jan. 30, 2023, minute entry).

copyrighted work that are original." *Pronman v. Styles*, 645 Fed. Appx. 870, 873 (11th Cir. 2016).

"The effect of a default is to render all well-pleaded factual allegations of the complaint (except those relating to damages) admitted." *Atl. Recording Corp. v. Ellison*, 506 F. Supp. 2d 1022, 1027 n.4 (S.D. Ala. 2007) (citing *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). In the complaint, the plaintiffs identify the nine copyrighted recordings that Moe's BBQ has used in its establishment without the plaintiffs' permission. (Doc. 1, pp. 5–12). The plaintiffs identify themselves as the copyright owners for those specific recordings. (Doc. 1, pp. 2–4). These facts, which are deemed admitted by virtue of Moe's BBQ's default, are sufficiently detailed and specific to give rise to a cognizable claim for copyright infringement in violation of the Copyright Act. Accordingly, plaintiffs are entitled to default judgment on their copyright infringement claims.

**Remedies**

Plaintiffs seek injunctive relief, statutory damages, costs, and attorneys' fees. (Doc. 1, pp. 7–8).

1. Injunctive Relief

A district court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. A court must apply "the traditional four-factor framework that

governs the award of injunctive relief." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006). "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay,* 547 U.S. at 391. Courts "regularly issue injunctions as part of default judgments" in copyright infringement cases. *Arista Recs., Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003). In copyright cases, "irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits." *Arista Recs., Inc.*, 298 F. Supp. 2d at 1314. Moe's BBQ's default satisfies the element of success on the merits. *Arista Recs., Inc.*, 298 F. Supp. 2d at 1314. Additionally, by its default, Moe's BBQ has admitted that plaintiffs have suffered "great and incalculable damage." (Doc. 1, p. 7). This harm is difficult to reverse and cannot be remedied with compensatory damages; plaintiffs have alleged that Moe's BBQ's infringement is ongoing. (Doc. 1, p. 7). *Virgin Recs. Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 595 (S.D. Ala. 2007) ("[C]ourts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists.") (internal quotations and citation omitted) (collecting cases). Plaintiffs' interest in enforcing its copyright outweighs any harm to Moe's BBQ, and an injunction would not

disserve the public.  Accordingly, plaintiffs are entitled to a permanent injunction regarding Moe's BBQ's use of the copyrighted musical compositions licensed by BMI.

2.  Damages

In a copyright infringement action, a plaintiff may elect as damages "the copyright owner's actual damages and any additional profits of the infringer" or statutory damages.  17 U.S.C. § 504; *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1309 (M.D. Fla. 2008) ("[P]laintiff can elect to seek "statutory damages, actual damages, or a disgorgement of Defendants' profits." Plaintiffs have requested statutory damages.  (Doc. 1, p. 7).  "If a copyright owner elects statutory damages in lieu of actual damages and profits, the Court may in its discretion, award in the amount of 'not less than $750 or more than $30,000 as the court considers just,' per act of infringement."  *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 2013 WL 5487066, at *5 (M.D. Fla. Sept. 30, 2013), *aff'd*, 772 F.3d 1254 (11th Cir. 2014) (quoting 17 U.S.C.A. § 504(c)(1)).

Plaintiffs request damages in the amount of $13,635, which plaintiffs argue "constitutes an award of approximately $1,500 for each of the nine (9) infringements, for a total award that is three times the amount Plaintiffs would have received in annual licensing fees from Defendant."  (Doc. 26, p. 4).  Plaintiffs have presented evidence that had Moe's BBQ entered into an agreement to use BMI's

licensed music when BMI first contacted Moe's BBQ in 2018, Moe's BBQ would have paid approximately $7,329.75 in licensing fees to date.  (Doc. 25-2, pp. 5–6). According to plaintiffs, "the annual license fee would be approximately $1,515.25." (Doc. 25-2, p. 6).

Courts often award statutory damages of three times the amount a defendant would have paid to lawfully license the copyrighted work.  *Broad. Music, Inc. v. Ent. Complex, Inc.*, 198 F. Supp. 2d 1291, 1296 (N.D. Ala. 2002) ("[T]he Court finds that $43,000.00 is an appropriate amount of statutory damages . . . . Such sum amounts to approximately $3,909.09 for each of the 11 musical compositions whose copyrights Defendants were shown to have infringed, placing the award on the relatively low end of the $750–to–$30,000–per–work range permitted by the statute. The sum is also approximately three times the amount of licensing fees that Defendants would have owed to Plaintiffs, which courts have generally upheld as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them."); *Broad. Music, Inc.*, 2013 WL 5487066, at *6, aff'd, 772 F.3d 1254 (11th Cir. 2014).

Based on the foregoing, the Court will enter judgment in favor of plaintiffs in the amount of $13,635 pursuant to 17 U.S.C.A. § 504(c)(1).

3.  Attorney's Fees and Costs

Under the Copyright Act, a court, "in its discretion may allow the recovery of

full costs by or against any party other than the United States or an officer thereof"

as well as "award a reasonable attorney's fee to the prevailing party as part of the

costs." 17 U.S.C. § 505. Plaintiffs seek "costs, including reasonable attorneys' fees

in the amount of $3,187.50" as reasonable compensation "in light of the experience

of counsel, the nature of the case, and the services provided." (Doc. 26, pp. 5–7).

Plaintiffs shall recover the full costs of this action and $3,187.50 in attorneys' fees,

which reflects 7.5 hours of work at a rate of $425 per hour, reasonable fees for this

case. Plaintiffs may also recover interest on this award pursuant to 28 U.S.C. § 1961.

## CONCLUSION

For the reasons discussed above, the Court grants plaintiffs' motion for default

judgment against Moe's BBQ. (Doc. 26). By separate order, the Court will enter

judgment in favor of plaintiffs and permanently enjoin Moe's BBQ from infringing

on the copyrighted musical compositions licensed by BMI.

**DONE** and **ORDERED** this February 2, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE